UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M&T EQUIPMENT FINANCE CORPORATION, ) ) ) Plaintiff, ) ) vs. ) ) FISCHER GRADING LLC, *et al.*, ) ) Defendants. ) | Case No. 4:24-cv-01379-MTS |

**MEMORANDUM AND ORDER**

Plaintiff M&T Equipment Finance Corporation brings this action arising under state law seeking to invoke this Court's subject-matter jurisdiction under 28 U.S.C. § 1332(a). Doc. [1] ¶ 1. Such "diversity jurisdiction" is proper only where there is "complete diversity of citizenship among the litigants." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). That is, no plaintiff can have citizenship in the same state where a defendant has citizenship. *Id.* (citing *Owen Equip. & Erection Co. Kroger*, 437 U.S. 365, 373 (1978)). When, as here, a party to a lawsuit is a limited liability company ("LLC"), its citizenship is equivalent to that of all its members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *see also Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023). And, when this Court undertakes its "independent obligation to determine whether [diversity] jurisdiction exists," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), "the Court not only needs to know the citizenship of each member of the LLC, but also the citizenship of any sub-member," *Hill v. Lowe's Home Ctrs., LLC*, 1:21-cv-00185-SRC, 2022 WL 1202363 at *3 (E.D. Mo. Apr. 22, 2022) (citing *Clark v. SL W. Lounge, LLC*,

4:18-cv-01223, 2019 WL 527781, at *2 (E.D. Mo. Feb. 11, 2019)) (explaining that the Court must know "the citizenship of *all* persons and entities within the ownership structure"). This is because an LLC's various members and sub-members may ultimately have the same citizenship as an opposing party and, thus, destroy the complete diversity that § 1332(a) requires. *See Am. Seeds, LLC v. Dalchow*, 0:12-cv-02951-JNE-LIB, 2012 WL 5931721, at *1 (D. Minn. Nov. 27, 2012) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). As ever, "[t]he burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction." *Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021).

Plaintiff has identified only one member of each LLC, which Plaintiff identifies as the "principal member." Doc. [1] ¶ 6. Plaintiff does not state that there are no other members. Indeed, by identifying someone as the *principal* member, it implies there are other members. "Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, this Court must "presume[] that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Here, the Court can "be assured of its own jurisdiction" only if Plaintiff identifies each of the LLC's members and sub-members and their citizenship[*] such that complete diversity is apparent. *See James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023); *accord NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th

---

[*] *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (noting that the term "citizen" in 28 U.S.C. § 1332 "has long meant something different from 'resident'").

Cir. 2016) ("[W]ith respect to a limited liability company, the citizenship of all of the members must be pled.").

If Plaintiff can overcome the presumption that this cause lies outside the Court's limited jurisdiction by pleading facts that establish this Court's subject matter jurisdiction, it must file an amended complaint doing so. *See* 28 U.S.C. § 1653 (allowing amendment of pleadings to show jurisdiction). Failure to do so will result in the dismissal of this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Monday, October 28, 2024**, Plaintiff must file an amended complaint that establishes this Court's subject matter jurisdiction. Failure to do so will result in dismissal of this action without prejudice.

Dated this 17th day of October 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE