UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M&T EQUIPMENT FINANCE CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:24-cv-01379-MTS |
| FISCHER GRADING LLC, *et al.*, ) ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

In this action, Plaintiff alleges that Defendant Fischer Grading LLC executed a Promissory Note in the original amount of $302,610.00 and agreed to make installment payments on the note. Doc. [8] ¶ 7. Plaintiff explains that a security agreement the parties executed provided Plaintiff a security interest in several pieces of heavy machinery including, for example, a hydraulic excavator and a compact truck loader. *Id.* ¶ 8. This matter is now before the Court on Plaintiff's Motion for Order of Delivery in Replevin. Doc. [4]. As explained herein, the Court will deny the Motion without prejudice because Plaintiff has failed to supply the required bond and failed to sufficiently support its position that no bond is required.

\*

Federal Rule of Civil Procedure 64(a) provides that at the commencement of an action "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential

judgment." Rule 64 explicitly states that it applies to the remedy of replevin. Fed. R. Civ. P. 64(b). "Missouri law recognizes replevin as a remedy for a person claiming to be the lawful owner of personal property held by another." *Clark v. Kan. City Mo. Sch. Dist.*, 375 F.3d 698, 703 (8th Cir. 2004) (citing Mo. Sup. Ct. R. 99.01). Missouri Supreme Court Rule 99 governs the procedures in a replevin action. *McCloskey v. State*, 683 S.W.3d 702, 707 (Mo. Ct. App. 2023); *see also Garoogian v. Medlock*, 592 F.2d 997, 1000 (8th Cir. 1979) (per curiam) (applying state law in diversity case seeking replevin).

Under Missouri law, a party may request immediate possession of personal property. Mo. Sup. Ct. R. 99.03. To do so, it must file an affidavit that supplies facts showing the party is entitled to the possession of the property. *Id.* Rule 99.06 requires that a plaintiff must "file a sufficient bond." *Id.* at 99.06; *see also Clark*, 375 F.3d at 703 ("In a replevin action, the claimant may obtain immediate possession of the personal property upon filing an affidavit and a bond with the court."). Only "upon compliance with Rule 99.06" can the Court issue an order "directing the sheriff to take possession of the property and deliver it to the party." Mo. Sup. Ct. R. 99.04. For that reason, only by giving the replevin bond can a plaintiff become entitled to the custody of the property pending the determination of the action. *Auffenberg v. Hafley*, 457 S.W.2d 929, 936 (Mo. Ct. App. 1970) (citing *Ex parte Irwin*, 6 S.W.2d 597, 601 (Mo. banc 1928)).

Here, Plaintiff argues that it need not post the bond Missouri law requires because Defendant waived the bond requirement in the loan documents and guarantees at the heart of this case. For this legal conclusion, Plaintiff quotes a century-old case stating

- 2 -

that "a party may waive the provision of a contract or statute made for his benefit." Doc. [4] ¶ 11 (citing *Ross-Langford v. Mercantile Town Mut. Ins. Co.*, 71 S.W. 720, 723 (Mo. Ct. App. 1902)). But such an argument has been rejected elsewhere in the context of a replevin bond. *See Com. Credit Grp. v. Protégé Excavation, Inc.*, 1:19-cv-0558-KG-JHR, 2019 WL 3973848, at *4 n.4 (D.N.M. Aug. 5, 2019) (requiring plaintiff to post a replevin bond despite the existence of a contractual waiver). Here, the Court sees at least two issues with Plaintiff's position.

First, Plaintiff has not explained how a party can waive the statutory bond requirement via an ex ante contractual provision such that a court may ignore the law's requirement. "[E]x ante party contracts neither bind the court nor change the law." *See* Scott Dodson, *Party Subordinance in Federal Litigation*, 83 Geo. Wash. L. Rev. 1, 22 (2014). That conclusion seems especially applicable here given that, under Missouri law, property seized pursuant to a writ of replevin "remains in custodia legis," even when delivered to the plaintiff. *Green Hills Prod. Credit Ass'n v. R & M Porter Farms, Inc.*, 716 S.W.2d 296, 298 (Mo. Ct. App. 1986) (quoting *Auffenberg*, 457 S.W.2d at 936); *see also Cmty. Bank of Chillicothe v. Campbell*, 813 S.W.2d 40, 43 (Mo. Ct. App. 1991). That is, the property remains in the custody of the law though actual possession is in the plaintiff. *See In Custodia Legis*, *Black's Law Dictionary* (12th ed. 2024).

The Court fails to see how the contract displaces the requirement under Missouri Supreme Court Rule 99 that a bond must be in place when the property is *in custodia legis*. *See* Dodson, *supra*, at 39 ("The law governs what the court can do, and the parties' agreements do not alter the law."); *cf. Novus Franchising, Inc. v. Oksendahl*, 0:07-cv-

- 3 -

01964-JRT, 2007 WL 2084143, at *6 (D. Minn. July 17, 2007) (giving no effect to franchise agreement provision that purported to waive the bond-posting requirement of Federal Rule of Civil Procedure 65(c) for granting preliminary injunctive relief because nothing in the Rule allows the parties to waive the requirement); *Hypred S.A. v. Pochard*, 0:04-cv-02773-JNE, 2004 WL 1386149, at *6 n.3 (D. Minn. June 18, 2004) ("The Court is unaware of any authority that allows parties to contractually waive their rights to the Rules of Civil Procedure.").

Second, Plaintiff's conclusion presupposes that the contract at issue here is, somehow, irrefutably authentic and otherwise enforceable against Defendant. At this stage, in determining whether prejudgment seizure is appropriate, the Court makes only a preliminary determination based on a limited, ex parte factual showing. *See Sedalia Mercantile Bank & Tr. Co. v. Loges Farms, Inc.*, 740 S.W.2d 188, 199 (Mo. Ct. App. 1987); *see also* Mo. Sup. Ct. R. 99.03 (requiring a mere affidavit when a party requests immediate possession of personal property); *id.* at 99.05 (providing that the defendant, after a prejudgment seizure of its property, has "the right to request a hearing to determine the plaintiff's right to possession of the property"). Even though Plaintiff filed the required affidavit and provided a copy of the loan documents and guarantees at issue, which contain the waiver to which Plaintiff refers, a plaintiff cannot exclude the possibility that the prejudgment seizure of property may turn out to be wrongful; nor can a plaintiff exclude the possibility that, when all is said and done, a judgment will be entered in the defendant's favor. *See Green Hills*, 716 S.W.2d at 298 (citing *Auffenberg*, 457 S.W.2d at 936); *Ex parte Irwin*, 6 S.W.2d at 601; *see also* Mo. Sup. Ct. R. 99.06

(referencing the possibility that the return of the property to the defendant may be adjudged).

The bond requirement in part protects Defendant from losses stemming from these possibilities. *See* Mo. Sup. Ct. R. 99.06. For example, if Plaintiff seized the machinery at issue, and the Court later found that the parties' contract—which appears to show Plaintiff's right to prejudgment seizure of the machinery—was unenforceable for whatever reason, the bond would compensate Defendant for losses caused by that seizure. The fact that Defendant purportedly waived its right to the bond in that same contract is of no consolation to Defendant if the contract was unenforceable since the provision waiving the bond also would be unenforceable.

For that reason, even if the Court initially found the contract valid and enforceable, surely the Court still should require a bond before granting an ex parte motion allowing immediate possession. Otherwise, not only would Defendant go initially unheard on the propriety of the prejudgment seizure, but it would also go unheard on the propriety of the bond waiver—the bond whose very purpose is to redress possible injury caused by a wrongful prejudgment seizure. Proceeding without a bond in that way significantly increases the due process concerns at play here. *See Sedalia Mercantile Bank*, 740 S.W.2d at 199 (citing *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 606 (1974)); *Com. Credit Grp.*, 2019 WL 3973848, at *4 n.4; *cf. Connecticut v. Doehr*, 501 U.S. 1, 18–21 (1991) (plurality opinion) (concluding the issuance of a writ of attachment absent a bond violates due process and noting that the requirement of a bond

"play[s] an essential role in reducing" risk to an unheard defendant (citing *Mitchell*, 416 U.S. at 610)).

## CONCLUSION

Plaintiff cited no Missouri case that allowed noncompliance with Rule 99.06's requirement for a sufficient bond before obtaining prejudgment possession of property in a replevin action, let alone one that explained why, and the Court has found none.[*] Moreover, as explained herein, persuasive authority suggests that the purported ex ante waiver of the bond requirement by a defendant would not suffice, and proceeding ex parte on such a waiver would raise significant due process concerns. Therefore, to proceed with prejudgment possession here, Plaintiff must either file an appropriate bond or sufficiently explain why it need not do so.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion for Order of Delivery of Replevin, Doc. [4], is **DENIED** without prejudice.

Dated this 14th day of November 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] Nor has the Court seen any secondary source that discusses such a practice within Missouri state courts. *See*, *e.g.*, Jeffrey A. Burns, 2A *Missouri Practice, Methods of Practice: Litigation Guide* § 26.6 (4th ed.) (subsection on replevin bonds that mentions nothing about waiver of the bond requirement but, rather, refers to "the filing of a bond" as a "prerequisite").